IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ASANTE HEALTH SYSTEM, d/b/a ROGUE VALLEY MEDICAL CENTER, | ) ) ) | Civil No. 05-3058-CL |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, | ) ) ) ) | |
| Defendant. | ) | |

**PANNER, Judge.**

Plaintiff Asante Health System, dba Rogue Valley Medical Center, brings this petition for judicial review of a Medicare administrative decision affirming the decision of the Provider Reimbursement Review Board denying Plaintiff's hospital-based skilled nursing facility a "new provider" exemption. The parties moved for "summary judgment." As the Magistrate Judge correctly noted, such a motion--and the accompanying legal standards and procedures--typically have no place in the review of administrative decisions. Rather, on a petition for review of agency action, briefing ordinarily is appellate-style. The reviewing court either sustains or rejects the appeal from the disputed agency action.

1 - ORDER

On January 24, 2007, Magistrate Judge Cooney filed his Findings and Recommendation, which recommended that judgment be entered in favor of the defendant, thus affirming the challenged agency decision. Plaintiff timely objected. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

Plaintiff objects to certain "Findings of Fact" by the Magistrate Judge. With narrow exceptions not applicable here, a federal court does not make factual findings in the context of reviewing an existing administrative record to determine whether the agency's decision was supported by substantial evidence in the record and not contrary to law. If any factual disputes exist, the court generally must defer to the agency's resolution of those factual disputes when supported by substantial evidence, regardless of whether this court, as an original matter, might decide those questions differently. To the extent the Findings and Recommendation use the phrase "Findings of Fact," I construe those Findings as merely providing "background" to aid the reader in understanding the dispute. Some of those "facts" are undisputed. Others are from the agency's findings. A few are more appropriately characterized as conclusions of law. Suffice to say that this court is not making any findings of fact.

Turning to the substance of the objections, Plaintiff contends that Oregon law required Plaintiff to obtain a Certificate of Need in order to establish a new Skilled Nursing Facility. In a series of related actions involving companies controlled by a common parent, certain beds were "delicensed" as a condition of obtaining a Certificate of Need for other beds

2 - ORDER

Plaintiff wanted licensed. The net result, from the standpoint of Oregon regulators, was no net increase in the number of beds. The actions Plaintiff took and representations Plaintiff made, in connection with that Certificate of Need proceeding, were later used against Plaintiff when it came time for the Secretary to determine whether Plaintiff was entitled to be paid at the higher rates that the federal government offers as an incentive for a "new provider" to enter the market and construct additional beds. Therefore, Plaintiff reasons, the Secretary's denial of Plaintiff's "new provider exemption is, on its face, <u>wholly dependent upon</u> Oregon law." Plaintiff's Objections, p. 3 (emphasis in original). Plaintiff further reasons that the record incontrovertibly shows that the Secretary relied upon an erroneous interpretation of Oregon law in reaching the challenged decision.

    None of this matters. The agency's decision was logical and persuasive. The question before me is not whether this was the only rational decision the agency could have reached in this matter, but whether it is a permissible result, given the record and the applicable law. The Magistrate Judge concluded it was. I agree. The agency has offered ample justification for the result reached, both legally and factually. The decision was neither arbitrary and capricious, nor contrary to law.

    I recognize there may be a conflict between the Circuits concerning the proper interpretation of the applicable federal regulations. Cf. <u>Provident Health System-Washington v. Thompson</u>, 353 F.3d 661 (9th Cir. 2003), <u>South Shore Hospital, Inc. v. Thompson</u>, 308 F.3d 91 (1st Cir. 2002), and <u>Paragon Health Network</u>

3 - ORDER

v. Thompson, 251 F.3d 1141 (7th Cir. 2001), with St. Elizabeth's Medical Center of Boston, Inc. v. Thompson, 396 F.3d 1228 (D.C. Cir. 2005), Ashtabula County Medical Center v. Thompson, 352 F.3d 1090 (6th Cir. 1003), and Maryland General Hosp., Inc. v. Thompson, 308 F.3d 340 (4th Cir. 2002). This may spawn law review articles, and someday even interest the Supreme Court, but it will not detain me for long. This court is within the Ninth Circuit, which has already come down on one side of the debate. I see no principled basis for distinguishing this case from Provident Health System-Washington, 353 F.3d 661.

Plaintiff also appears to have made one set of representations to Oregon officials, in order to obtain approval to license these beds in the first place, and then made discordant representations to federal officials in hopes of gaining favored treatment for those beds after they were licensed. It is not surprising that federal officials looked skeptically upon Plaintiff's arguments.

## Conclusion

The Magistrate Judge's Findings & Recommendation (# 38) are adopted, as clarified above. Judgment is entered for defendant.

IT IS SO ORDERED.

DATED this 18th day of April, 2007.

/s/ Owen M. Panner
_____
Owen M. Panner
United States District Judge

4 - ORDER